IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| HELEN L. COBBS,<br>                   *Plaintiff,*<br>v.<br>FIRST TRANSIT COMPANY, *ET AL.*,<br>                   *Defendants.* | CASE NO. 6:16-CV-00015<br><br>ORDER<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on Defendant First Transit's motion for reconsideration, pursuant to Federal Rule of Civil Procedure 54(b), of the Court's Order denying First Transit's motion to dismiss. (Dkts. 41, 43). Because Defendant has failed to provide sufficient grounds for reconsideration, its motion is denied.

## I. PROCEDURAL BACKGROUND

Plaintiff Helen Cobbs filed an amended complaint on April 1, 2016, alleging Title VII violations by First Transit, Inc., Central Virginia Transit Management Co., Inc. ("CVT"), Greater Lynchburg Transit Co. ("GLTC"), and various individuals. (Dkt. 5). Most of the individual defendants were dismissed from the suit on the ground that supervisors are not liable in their individual capacities for Title VII violations, leaving First Transit, CVT, GLTC, and Dennis Dorsey—who was accused of pendant state law claims—as parties to the suit. (Dkt. 21). The remaining defendants then filed motions to dismiss. (Dkts. 15, 18, 31). The Court granted Dennis Dorsey's motion, and he was dismissed from the case. (Dkt. 41). The Court then denied the motions filed by First Transit, CVT, and GLTC, (*id.*), finding that Plaintiff had properly exhausted her administrative remedies when she filed her EEOC complaint, on the grounds that the three entities share a substantial identity. (Dkt. 40 at 4–7).

1

## II. Legal Standard

Although Rule 54(b) is not subject to the strict standards of Rule 59(e) motions, courts look to the same three general grounds for reconsideration: (1) an intervening change in the law; (2) new evidence that was not previously available; or (3) correction of a clear error of law or to prevent manifest injustice. *Skinner v. Armet Armored Vehicles, Inc.*, No. 4:12-cv-00045, 2015 WL 540156, at *2 (W.D. Va. Feb. 10, 2015). Such motions are disfavored and should be granted "sparingly," *Downie v. Revco Disc. Drug Ctrs., Inc.*, No. 3:05-cv-21, 2006 WL 1171960, at *1 (W.D. Va. May 1, 2006), because their "improper use . . . can waste judicial resources and obstruct the efficient administration of justice." *United States v. Duke Energy Corp.*, 218 F.R.D. 468, 474 (M.D.N.C. 2003).

## III. Analysis

Defendant's motion asks the Court to reconsider its finding that First Transit shares a "substantial identity" with CVT. (Dkt. 44 at 1). Although Defendant identifies a minor factual error in its Memorandum Opinion, (dkt. 41), it fails to demonstrate a clear error of law or a manifest injustice. Defendant has now clarified that it is not represented by the same attorney as Defendants CVT and GLTC, as was incorrectly stated in the Joint Motion to Modify the Pretrial Order. (Dkt. 44 at 4 n.2). Defendant argues that this correction undercuts the Court's substantial-identity analysis because it weakens the claim that Defendant had constructive notice of the EEOC complaint. (Dkt. 44 at 4). However, it remains true that Dennis Dorsey, who is alleged to have been employed by First Transit, (dkt. 31-1 at 6; dkt. 45 at 4), was named in the EEOC complaint and is represented by the same counsel as Defendant. (Dkt. 5 ¶ 8, Ex. 20; dkt. 31 at 2).

Defendant's correction regarding common representation notwithstanding, the bulk of the Court's substantial identity analysis remains unchanged. Plaintiff, at the time of her EEOC

2

complaint, simply "cannot be expected to understand the detailed factual background of a corporate structure that has numerous subsidiaries or holding companies." (Dkt. 41 at 6 (citing *DeLa Cruz v. Piccari Press*, 521 F. Supp. 2d 424 (E.D. Pa. 2007)). Defendant clings to the fact that Plaintiff appears to have known First Transit was not her employer; she alleges that she was employed by CVT or GLTC, not First Transit. (Dkt. 44 at 4). Defendant, however, glosses over the fact that Plaintiff was unsure who employed Dennis Dorsey, the key individual in the case. (Dkt. 5 ¶ 8 ("At all times material to this action, defendant Dennis Dorsey . . . was *employed by First Transit* or CVTMCI . . . ." (emphasis added))). Furthermore, the allegation that CVT is a subsidiary of First Transit is a powerful indication of substantial identity, which remains unchanged by Defendant's correction regarding common representation. *DeLa Cruz*, 521 F. Supp. 2d at 430.

Based on the foregoing, the Court does not find that there was a clear error of law or a manifest injustice inherent in its Order denying Defendant's motion to dismiss. Accordingly, First Transit's motion for reconsideration, pursuant to Rule 54(b), is hereby **DENIED**.

It is so **ORDERED**. The Clerk of the Court is hereby directed to send a certified copy of this Order to Plaintiff, Defendant, and all counsel of record.

Entered this  11th  day of January, 2017.

                                                   NORMAN K. MOON
                                                   UNITED STATES DISTRICT JUDGE